UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>- against -<br><br>JOSEPH KRIGSFELD,<br><br>      Defendant. | **ORDER**<br><br>22 Misc. 60 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

    In this action, the Securities and Exchange Commission – proceeding ex parte – asks this Court to enter a judgment against Defendant Joseph Krigsfeld directing him to comply with the Commission's May 24, 2018 order against him.  (Application (Dkt. No. 1) ¶¶ 21-23)

    According to the Commission, Section 209(d) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-9(d), authorizes the relief it seeks.  (Id. ¶ 14-15)  The SEC maintains that "[t]he merits of the ALJ's decision cannot be reviewed in this proceeding," and that this Court is obligated to enter a judgment enforcing the Commission's May 24, 2018 order, without providing notice to Krigsfeld and without conducting any review concerning his alleged violations of the Advisers Act.  (Id. ¶¶ 14-19)

    The Commission likens the instant action to one brought pursuant to Section 21(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e), (see Application (Dkt. No. 1) ¶ 19) which "permit[s] the use of summary proceedings in district court to enforce SEC orders."  S.E.C. v. Vindman, No. 06 Civ. 14233 (LTS) (THK), 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5, 2007).  The language of Section 21(e) of the Exchange Act differs from the language of Section 209(d) of the Advisers Act, however.  Compare 15 U.S.C. § 78u(e) (granting district courts "jurisdiction to issue writs of mandamus, injunctions, and

orders commanding . . . any person to comply with . . . orders [under this chapter]") <u>with</u> 15 U.S.C. § 80b-9(d) (providing that, "[u]pon a showing that [any] person has engaged, is engaged, or is about to engage in any [act or practice constituting a violation of any provision of this subchapter, or of any rule, regulation or order hereunder] . . . a permanent or temporary injunction or decree or restraining order shall be granted without bond"). Moreover, Section 209(d) of the Advisers Act is ordinarily invoked in enforcement proceedings in which the Commission asserts – via complaint – that a defendant has engaged in unlawful activity that should be enjoined, and bears the burden of proving that fact, rather than simply requesting that a district court enforce a Commission order. <u>See</u>, <u>e.g.</u>, <u>S.E.C. v. Genovese</u>, 18-cv-942 (JGK), 2021 WL 3501421, at *12 (S.D.N.Y. Aug. 6, 2021) ("The Securities Act, Exchange Act, and Advisers Act each authorize the SEC to seek injunctive relief to proscribe future violations of federal securities laws, which a court shall grant <u>upon</u> <u>the</u> <u>proper</u> <u>showing</u>." (emphasis added))

Accordingly, the Commission will make a submission by **March 11, 2022** addressing this Court's authority to issue the requested relief, citing supporting case law under the Advisers Act.

The Commission will serve this order, along with the Commission's Application and supporting papers, on Defendant via overnight mail by **March 4, 2022**. The Commission will likewise serve its supplemental submission on Defendant.

Defendant will file any response to the Commission's brief by **March 18, 2022**.

Dated: New York, New York
      March 4, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge